IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Deborah L. Snyder, | ) | Case No.: 8:11-205-HFF |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | **(JURY TRIAL REQUESTED)** |
| AKS Inc. D/B/A EZ Bi Fast and Amit Patel, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff, by and through her undersigned attorneys, complains against Defendants AKS Inc. D/B/A EZ Bi Fast and Amit Patel as follows:

**JURISDICTION AND VENUE**

1.      This is an action for violation of state and federal wage and hour laws and state common law.

2.      Plaintiff is a former employee of Defendant AKS Inc. D/B/A EZ Bi Fast (hereinafter Defendant AKS).

3.      Defendant AKS is a South Carolina corporation doing business in Pickens County.

4.      Defendant Amit Patel is an agent of Defendant AKS.

5.      Pursuant to decision, policy, and plan, Plaintiff worked more than forty (40) hours per week for Defendant AKS, requiring overtime pay at the rate of one and a half times her rate of regular pay. Upon complaining about this treatment, Plaintiff was terminated from her job. Plaintiff seeks damages for willful violations of federal and state law.

6. This case is brought under the Fair Labor Standards Act, (hereafter "FLSA") 29 U.S.C. §§ 201, et seq. This Court has jurisdiction of the Fair Labor Standards Act ("FLSA") claim per 29 U.S.C. § 216 (b).

7. This Court has jurisdiction of the state claims alleged herein pursuant to 28 U.S.C. § 1367(a).

8. Venue is proper in this District because Defendant AKS's business facility is located in this District and a substantial part of the events and omissions given rise to the claims occurred in this District. Presently and at all times, Defendants have conducted substantial, continuous and systematic commercial activities in this District.

## FACTS

9. Plaintiff is a South Carolina resident and was employed by Defendant AKS as an at-will employee from February 21, 2007 until her termination on October 17, 2010.

10. Plaintiff's regular pay rate while employed by Defendant AKS was $6.00 per hour for approximately 5 months, $6.55 per hour for approximately 12 months, $7.25 per hour for approximately 12 months, and $8.00 per hour for approximately 15 months.

11. Defendant AKS operates EZ Bi Fast, which is a gas station and food market.

12. Defendant Amit Patel is the registered agent of Defendant AKS and is the manager/owner of the EZ Bi Fast store.

13. Between February 21, 2007 and October 17, 2010, Plaintiff routinely worked more than forty (40) hours per week.

14. Plaintiff kept timesheets which accurately reflected the hours she worked.

15. Plaintiff is not an exempt employee and was entitled to overtime pay when she worked more than 40 hours per week.

16. At the instruction of Defendant Amit Patel, Defendant AKS regularly required Plaintiff and other employees to inaccurately report their hours to the payroll company and failed to maintain accurate records of Plaintiff's time.

17. Upon information and belief, Defendants destroyed portions of Plaintiff's time records.

18. At the instruction of Defendant Amit Patel, Defendant AKS regularly failed to pay Plaintiff overtime at the correct rate of one and a half times her rate of pay when Plaintiff worked more than forty (40) hours per week.

19. Defendants were knowledgeable that Plaintiff's hours regularly exceeded forty hours per week and compensated Plaintiff for overtime hours by paying Plaintiff $5.00 to $7.00 per overtime hour during her employment. Defendants made these payments in cash, instead of through their payroll company.

20. During Plaintiff's employment and after her termination, Defendants have withheld overtime wages from Plaintiff.

21. Upon information and belief, Defendants were knowledgeable about the requirements of federal law, but deliberately and willfully refused to pay Plaintiff and other employees at the correct overtime rate in order to increase profits and reduce labor costs.

22. Defendants supervised, instructed and authorized managerial employees to engage in the above unlawful practices and ratified their actions afterwards in order to increase corporate profits and reduce the costs of labor.

23. There was no practical administrative difficulty that prohibited Defendants from recording Plaintiff's uncompensated time.

24. On October 17, 2010, Plaintiff complained that Defendants failed to compensate her at the correct rate of overtime pay.

25. Approximately four hours after Plaintiff's complaint, Defendants terminated Plaintiff.

26. After Defendants terminated Plaintiff, Defendants posted a sign in the EZ Bi Fast store, which reads as follows: "If Debby comes in let her know that she is not allowed in here. Call Alex or call police."

27. Defendant Amit Patel has also told employees and customers that Plaintiff stole money from the EZ Bi Fast store.

28. Plaintiff has sustained substantial losses from Defendants' failure to pay her at the correct overtime rate and from Defendants' wrongful termination of her employment and their slander of her character.

## FIRST CAUSE OF ACTION
### (FLSA Wage and Overtime Violations, 29 U.S.C. §§ 201 *et seq.*)

29. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1- 28 herein.

30. Defendant AKS runs a gas station and food market and is an "employer" engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. §§ 203 and 207.

31. Plaintiff was employed by Defendant AKS from February 21, 2007 to October 17, 2010 and worked at Defendant AKS's gas station and food market and therefore was employed in an enterprise engaged in commerce within the meaning of Sections 203 and 207 of the FLSA.

32. Defendant Amit Patel acts directly in the interest of Defendant AKS in relation to employees and is an employer within the meaning of FLSA, 29 U.S.C. § 203.

33. Plaintiff regularly worked in excess of forty (40) hours per week while employed by Defendant AKS.

34. Defendants regularly failed to pay Plaintiff for time worked in excess of forty (40) hours per week at time and a half rates for overtime work, as required by Section 207 of the FLSA.

35. Defendant Amit Patel had knowledge of Defendant AKS's violations of federal law and was directly responsible for these violations.

36. Upon information and belief, Defendants destroyed records and failed to keep accurate records as required by Section 211 of the FLSA.

37. Defendants inaccurately reported Plaintiff's hours to Defendant AKS's payroll company and paid Plaintiff for her overtime hours at a rate less than the rate required by federal law and in cash rather than through its payroll company. Defendants' actions were not taken in good faith and were willful.

38. Plaintiff seeks damages in the amount of her overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorney fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
### (FLSA Retaliation, 29 U.S.C. §§ 201 *et seq*.)

39. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1- 38 herein.

40. Defendant AKS runs a gas station and food market and is an "employer" engaged in interstate commerce within the meaning of FLSA, 29 U.S.C. §§ 203 and 207.

41. Plaintiff was employed by Defendant AKS from February 21, 2007 to October 17, 2010 and worked at Defendant AKS's gas station and food market and therefore was employed in an enterprise engaged in commerce within the meaning of Sections 203 and 207 of the FLSA.

42. Defendant Amit Patel acts directly in the interest of Defendant AKS in relation to employees and is an employer within the meaning of FLSA, 29 U.S.C. § 203.

43. On October 17, 2010, Plaintiff complained that Defendants failed to compensate her at the correct rate of overtime pay.

44. Approximately four hours after Plaintiff's complaint, Defendants terminated Plaintiff because she complained about Defendants' violation of the federal overtime law and refused to continue to work overtime hours without being compensated at the rate required by federal law.  Defendants' actions were willful and were not taken in good faith.

45. Defendants' termination of Plaintiff violated Section 215(a)(3) of the FLSA.

46. Defendant Amit Patel had knowledge of Defendant AKS's violations of federal law and was directly responsible for these violations.

47. Plaintiff seeks compensatory and punitive damages, including back pay, front pay, liquidated (double) damages, attorney fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CAUSE OF ACTION
### (S.C. Payment of Wages Violations, SC Code § 41-10-10 *et seq.*)

48. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-47 herein.

49. Plaintiff was an employee of Defendant AKS from February 21, 2007 to October 17, 2010.

50. Defendant AKS is a corporation employing persons in this State.

51. Defendant Amit Patel is an agent of Defendant AKS.

52. Defendants are both "employers" within the meaning of the South Carolina Payment of Wages Act, S.C. Code § 41-10-10.

53. S.C. Code § 41-10-30 (B) requires employers to keep records of wages paid to employees for three years.

54. Defendants made cash payments to employees, including Plaintiff, to compensate employees for overtime hours worked.

55. Upon information and belief, Defendants destroyed records and failed to keep records of all wages paid to its employees, including Plaintiff.

56. Defendants' actions violate S.C. Code § 41-10-30(B).

57. Defendants also regularly failed to furnish Plaintiff with an accurate and complete itemized statement showing her gross pay and deductions from wages for each pay period. Any itemized statements given to Plaintiff were inaccurate as they did not include overtime pay.

58. Defendants' actions violate S.C. Code § 41-10-30 (C).

59. Defendants have attempted to withhold portions of Plaintiff's wages to pay for alleged shortages without giving written notification to Plaintiff as to the amount and terms of the deductions.

60. Defendants' actions violate S.C. Code §§ 41-10-30(A) and 41-10-40(C).

61. Defendants withheld wages due to Plaintiff for the overtime hours she worked while employed by Defendant AKS.

62. Defendant Amit Patel had knowledge of the failure to pay Plaintiff the correct amount of wages due and was directly responsible for the non-payment.

63. Plaintiff's employment with Defendant ended on October 17, 2010 and Defendants continue to refuse to pay back wages owed to Plaintiff.

64. Defendants' conduct violates S.C. Code §§ 41-10-40(D) and 41-10-50.

65. As a result of Defendants' conduct described herein, Plaintiff was not paid the correct wages due and owed to her at the end of each pay period and at the time of her termination.

66. Defendants' intentional and willful failure to comply with various provisions of the South Carolina Payment of Wages Act has caused Plaintiff to suffer actual damages and incur attorney fees and costs.

67. Plaintiff is entitled to treble damages, attorney fees, and costs, as well as prejudgment and post judgment interest for the damages she incurred due to Defendants' intentional violations of the South Carolina Payment of Wages Act.

## FOURTH CAUSE OF ACTION
(Libel and Slander)

68. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-67 herein.

69. After Defendants terminated Plaintiff, Defendants posted a sign in the EZ Bi Fast store, which reads as follows: "If Debby comes in let her know that she is not allowed in here. Call Alex or call police."

70. Upon information and belief, Defendant Amit Patel, acting on behalf of Defendant AKS, was responsible for writing, posting, and publishing the sign.

71. The sign casts Plaintiff in a negative light and infers wrongdoing on her part when she was an employee.

72. The sign insinuates that Plaintiff engaged in illegal and/or criminal activity.

73. Defendants have no evidence that Plaintiff engaged in illegal and/or criminal activity.

74. The sign is visible to employees and customers.

75. The sign is intended to tarnish Plaintiff's character and reputation.

76. Upon information and belief, the sign is still posted in the EZ Bi Fast store as of the date of this complaint.

77. The sign has had a negative effect on Plaintiff's reputation with her friends and acquaintances and, upon information and belief, with members of the public.

78. Defendant Amit Patel has also told employees and customers that Plaintiff stole money from the EZ Bi Fast store.

79. Defendants have no evidence that Plaintiff stole money from the EZ Bi Fast store.

80. In fact, Defendant Amit Patel has admitted in writing that Plaintiff lost money belonging to the EZ Bi Fast store.

81. Defendants' statements that Plaintiff stole money from the store are false and defamatory and infer Plaintiff has committed a crime of moral turpitude and is unfit in her profession.

82. Defendant's written and verbal statements are intended to reduce Plaintiff's character and reputation.

83. As a result of Defendants' libelous and slanderous statements, Plaintiff has suffered and will continue to suffer damages in the form of injury to her reputation, embarrassment, emotional distress, and loss of employment opportunities due to Defendants' false and defamatory verbal and written statements.

84. Plaintiff is entitled to actual and punitive damages, including emotional distress damages, as a result of Defendants' willful actions.

## FIFTH CAUSE OF ACTION
### (Wrongful Termination in Violation of Public Policy)

85. Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1-84 herein.

86. Plaintiff complained that Defendants had violated and were continuing to violate state and federal wage and hour laws.

87. Plaintiff asserted her right to be compensated for overtime hours worked in accordance with state and federal law.

88. Defendants immediately retaliated against Plaintiff for her complaints and assertion of her rights by terminating her employment.

89. Defendants' conduct violates the public policy of this State.

90. Plaintiff seeks actual and punitive damages, prejudgment and post judgment interest and attorney fees and costs resulting from her wrongful termination.

Wherefore, Plaintiff respectfully requests this Court grant Plaintiff the damages requested herein as well as such other relief the Court deems appropriate.

**SIGNATURE BLOCK ON FOLLOWING PAGE**

Respectfully submitted,

FOSTER LAW FIRM, LLC


      s/Lucy C. Sanders
Lucy C. Sanders
Federal Bar No.: 10834
3875 Faber Place Drive, Suite 204
North Charleston, SC 29405
Telephone: (843) 744-3033
Facsimile: (843) 577-0434
Email: lsanders@fosterfoster.com

Attorneys for Plaintiff

Charleston, South Carolina

Date: January 26, 2011

11